UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------------X
SHERRY STEINER-SILVER,

                      Plaintiff,

-against-

WINDJAMMER LANDING COMPANY LTD. d/b/a
WINDJAMMER LANDING VILLA BEACH RESORT,

                      Defendant.
-----------------------------------------------------------------X

Case No. 3:12-CV-971
(SRU)

ANSWER
AND
**JURY DEMAND**

**December 19, 2012**

Defendant, **WINDJAMMER LANDING COMPANY LTD.** ("Windjammer"), by its attorneys, FABIANI COHEN & HALL, LLP, as and for an answer to the plaintiff's complaint, sets forth, upon information and belief, the following:

1. Denies the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "1" of the plaintiff's complaint.

2. Denies each and every allegation contained in Paragraph No. "2" of the plaintiff's complaint, except admits that on December 3, 2010, Windjammer was a corporation organized and existing under the laws of St. Lucia.

3. Denies each and every allegation contained in Paragraph No. "3" of the plaintiff's complaint, except admits that on December 3, 2010, Windjammer was a resort located in St. Lucia.

4. Denies each and every allegation contained in Paragraph No. "4" of the plaintiff's complaint.

5. Denies each and every allegation contained in Paragraph No. "5" of the plaintiff's complaint.

6. Denies each and every allegation contained in Paragraph No. "6" of the plaintiff's complaint.

7. Denies each and every allegation contained in Paragraph No. "7" of the plaintiff's complaint, except admits that Windjammer advertises in international publications that are circulated around the world.

8. Denies each and every allegation contained in Paragraph No. "8" of the plaintiff's complaint, except admits that Windjammer advertises in international publications including USA Today, Conde Nast Traveler Magazine and Travel & Leisure.

9. Denies each and every allegation contained in Paragraph No. "9" of the plaintiff's complaint, except admits that Windjammer maintains a website which allows consumers around the world to make reservations using the internet.

10. Denies each and every allegation contained in Paragraph No. "10" of the plaintiff's complaint and respectfully refers all questions of law to the determination of the Trial Court.

11. Denies each and every allegation contained in Paragraph No. "11" of the plaintiff's complaint and respectfully refers all questions of law to the determination of the Trial Court.

12. Denies the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "12" of the plaintiff's complaint.

13. Denies the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "13" of the plaintiff's complaint.

14. Denies the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "14" of the plaintiff's complaint.

15. Denies the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "15" of the plaintiff's complaint.

16. Denies the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "16" of the plaintiff's complaint.

17. Denies each and every allegation contained in Paragraph No. "17" of the plaintiff's complaint, except admits that on December 3, 2010, Windjammer had various paved walkways within its resort.

18. Denies the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "18" of the plaintiff's complaint.

19. Denies the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "19" of the plaintiff's complaint.

20. Denies each and every allegation contained in Paragraph No. "20" of the plaintiff's complaint.

21. Denies the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "21" of the plaintiff's complaint.

22. Denies the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "22" of the plaintiff's complaint.

23. Denies the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "23" of the plaintiff's complaint.

24. Denies the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "24" of the plaintiff's complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "25" of the plaintiff's complaint and respectfully refers all questions of law to the determination of the Trial Court.

26. Denies the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "26" of the plaintiff's complaint.

27. Denies the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "27" of the plaintiff's complaint.

28. Denies the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "28" of the plaintiff's complaint.

29. Denies the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "29" of the plaintiff's complaint.

30. Denies the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "30" of the plaintiff's complaint.

31. In response to Paragraph No. "31" of the plaintiff's complaint, Windjammer repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. "1" through "30" hereinabove as though more fully set forth at length herein.

32. Denies each and every allegation contained in Paragraph No. "32" of the plaintiff's complaint.

32a. Denies each and every allegation contained in Paragraph No. "32(a)" of the plaintiff's complaint.

32b. Denies each and every allegation contained in Paragraph No. "32(b)" of the plaintiff's complaint.

32c. Denies each and every allegation contained in Paragraph No. "32(c)" of the plaintiff's complaint.

32d. Denies each and every allegation contained in Paragraph No. 32(d) of the plaintiff's complaint.

32e. Denies each and every allegation contained in Paragraph No. "32(e)" of the plaintiff's complaint.

32f. Denies each and every allegation contained in Paragraph No. "32(f)" of the plaintiff's complaint.

32g. Denies each and every allegation contained in Paragraph No. "32(g)" of the plaintiff's complaint.

32h. Denies each and every allegation contained in Paragraph No. "32(h)" of the plaintiff's complaint.

32i. Denies each and every allegation contained in Paragraph No. "32(i)" of the plaintiff's complaint.

33. Denies each and every allegation contained in Paragraph No. "33" of the plaintiff's complaint and respectfully refers all questions of law to the determination of the Trial Court.

34. Denies each and every allegation contained in Paragraph No. "34" of the plaintiff's complaint and respectfully refers all questions of law to the determination of the Trial Court.

35. Denies each and every allegation contained in Paragraph No. "35" of the plaintiff's complaint and respectfully refers all questions of law to the determination of the Trial Court.

36. Denies each and every allegation contained in Paragraph No. "36" of the plaintiff's complaint.

36a. Denies each and every allegation contained in Paragraph No. "36(a)" of the plaintiff's complaint.

36b. Denies each and every allegation contained in Paragraph No. "36(b)" of the plaintiff's complaint.

36c. Denies each and every allegation contained in Paragraph No. "36(c)" of the plaintiff's complaint.

36d. Denies each and every allegation contained in Paragraph No. "36(d)" of the plaintiff's complaint.

36e. Denies each and every allegation contained in Paragraph No. "36(e)" of the plaintiff's complaint.

36f. Denies each and every allegation contained in Paragraph No. "36(f)" of the plaintiff's complaint.

36g. Denies each and every allegation contained in Paragraph No. "36(g)" of the plaintiff's complaint.

36h. Denies each and every allegation contained in Paragraph No. "36(h)" of the plaintiff's complaint.

36i. Denies each and every allegation contained in Paragraph No. "36(i)" of the plaintiff's complaint.

36j. Denies each and every allegation contained in Paragraph No. "36(j)" of the plaintiff's complaint.

37. Denies each and every allegation contained in Paragraph No. "37" of the plaintiff's complaint.

38. In response to Paragraph No. "38" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. "1" through "56" hereinabove as though more fully set forth at length herein.

39. Denies each and every allegation contained in Paragraph No. "39" of the plaintiff's complaint and respectfully refers all questions of law to the determination of the Trial Court.

40. Denies each and every allegation contained in Paragraph No. "40" of the plaintiff's complaint.

40a. Denies each and every allegation contained in Paragraph No. "40(a)" of the plaintiff's complaint.

40b. Denies each and every allegation contained in Paragraph No. "40(b)" of the plaintiff's complaint.

40c. Denies each and every allegation contained in Paragraph No. "40(c)" of the plaintiff's complaint.

40d. Denies each and every allegation contained in Paragraph No. "40(d)" of the plaintiff's complaint.

40e. Denies each and every allegation contained in Paragraph No. "40(e)" of the plaintiff's complaint.

40f. Denies each and every allegation contained in Paragraph No. "40(f)" of the plaintiff's complaint.

[609541/1]                                    7
499237.1

40g. Denies each and every allegation contained in Paragraph No. "40(g)" of the plaintiff's complaint.

40h. Denies each and every allegation contained in Paragraph No. "40(h)" of the plaintiff's complaint.

40i. Denies each and every allegation contained in Paragraph No. "40(i)" of the plaintiff's complaint.

40j. Denies each and every allegation contained in Paragraph No. "40(j)" of the plaintiff's complaint.

41. Denies each and every allegation contained in Paragraph No. "41" of the plaintiff's complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

42. The Court lacks personal jurisdiction over Windjammer.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

43. That all risks and alleged dangers connected with the situation at the time and place mentioned in the plaintiff's complaint were open, obvious and apparent and were known to and assumed by the plaintiff herein.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

44. Upon information and belief, any damages sustained by the plaintiff herein were not caused by any negligence or carelessness on the part of Windjammer, its servants, agents or employees, but were caused solely by the negligence and carelessness of the plaintiff and that such conduct requires diminution of any award, verdict or judgment that the plaintiff may recover against Windjammer.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

45. That to the extent that the plaintiff recovers any damages for any economic loss, the amount of the award shall be reduced by the sum total of all collateral reimbursements, from whatever source, whether it be insurance, or other such source.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

46. The law of St. Lucia, West Indies applies to the substantive issues in this case.

## JURY DEMAND

47. The defendant demands a jury trial of all issues involved in this action.

Dated: New York, New York
December 19, 2012

FABIANI COHEN & HALL, LLP

_____
Thomas J. Hall (ct 27234)
Attorneys for Defendant
WINDJAMMER LANDING COMPANY LTD.
d/b/a WINDJAMMER LANDING VILLA BEACH RESORT
570 Lexington Avenue, 4th Floor
New York, New York 10022
(212) 644-4420
-and-
900 Chapel Street
New Haven, Connecticut 06510
(203) 691-7034
hallt@fcllp.com

TO: WOFSEY, ROSEN, KWESKIN & KURIANSKY, LLP
Attorneys for the Plaintiff
600 Summer Street
Stamford, CT 06901
(203) 327-2300
ablank@wrkk.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------------------X
SHERRY STEINER-SILVER,

                          Plaintiff,

-against-

WINDJAMMER LANDING COMPANY LTD. d/b/a
WINDJAMMER LANDING VILLA BEACH RESORT,

                          Defendant.
-------------------------------------------------------------------X

Case No. 3:12-CV-971
(SRU)

**NOTICE TO TAKE
DEPOSITION UPON
ORAL EXAMINATION**

December 19, 2012

**PLEASE TAKE NOTICE**, that pursuant to Fed R. Civ. 30, defendant, will take the deposition upon oral examination of the plaintiff, SHERRY STEINER-SILVER, at the offices of FABIANI COHEN & HALL, LLP, 570 Lexington Avenue, New York, New York, before a Notary Public or other officer authorized by law to administer oaths. The oral examination will take place on February 4, 2013, commencing at 10:00 a.m.

Dated: New York, New York
         December 19, 2012

                                    FABIANI COHEN & HALL, LLP

                                    _____
                                    Thomas J. Hall (ct 27234)
                                    Attorneys for Defendant
                                    WINDJAMMER LANDING COMPANY LTD.
                                    d/b/a WINDJAMMER LANDING VILLA BEACH
                                    RESORT
                                    570 Lexington Avenue, 4th Floor
                                    New York, New York  10022
                                    (212) 644-4420
                                    -and-
                                    900 Chapel Street
                                    New Haven, Connecticut  06510
                                    (203) 691-7034
                                    hallt@fcllp.com

499237.1

TO: WOFSEY, ROSEN, KWESKIN & KURIANSKY, LLP
Attorneys for the Plaintiff
600 Summer Street
Stamford, CT 06901
(203) 327-2300
ablank@wrkk.com

## CERTIFICATE OF SERVICE

This is to certify that on December 19, 2012, the foregoing Answer With Jury Demand and Notice to Take Deposition Upon Oral Examination was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
Thomas J. Hall (ct 27234)